UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN L. HALEY,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT L. DAVIS, et al.<br><br>  Defendants. | No. 2:15-cv-0091 DAD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the required filing fee of $350.00 plus the $50.00 administrative fee nor has he filed a complete application to proceed in forma pauperis (IFP). See 28 U.S.C. §§ 1914(a) & 1915(a). Instead, plaintiff has filed an uncertified application to proceed in forma pauperis, in which he asserts that he "requested that state officials fill out the form but they refused." (ECF No. 7 at 2.)

A review of this court's records shows that this case is one of at least ten civil rights actions plaintiff has filed in this district since 2012. The court dismissed three of those cases due to plaintiff's failure to submit a complete application to proceed in forma pauperis. See Haley v. Raugh, No. 1:13-cv-2082 LJO JLT; Haley v. Beebe, No. 1:14-cv-0017 LJO GSA; Haley v. Collum, No. 1:14-cv-0233 LJO GSA. In the action filed most recently after this case, plaintiff claimed, once again, that prison officials have refused to sign the certificate required to complete

/////

1

1  his IFP application. See Haley v. Lizarraga, No. 2:15-cv0466 AC (ECF No. 5-1 at 2).[1]

2      Plaintiff's record of failing to submit complete IFP applications and this court's receipt of
3  signed IFP certificates in thousands of other cases, virtually all without allegations of obstruction
4  by prison officials, causes the undersigned to question whether plaintiff has made a full, good
5  faith attempt to obtain the required documentation.  Plaintiff will therefore be allowed another
6  opportunity to file a complete IFP application.  Any further allegations by plaintiff that prison
7  officials are refusing to provide him the necessary certification must be supported by convincing
8  proof submitted to this court under penalty of perjury.

9      Plaintiff is cautioned that in addition to the section of the IFP application that must be
10 completed and signed by a prison official, the application must also include a certified copy of
11 plaintiff's prison trust account statement for the six-month period immediately preceding the
12 filing of this action.  Ordinarily certification of a prison trust account statement is signified by a
13 stamp showing that it is an official copy.  Plaintiff has submitted a copy of a trust account
14 statement in this case, but it bears no stamp or other certification that it is an official and accurate
15 record.

16     In accordance with the above, IT IS HEREBY ORDERED that:

17     1. The motion to proceed in forma pauperis (ECF No. 7) is denied.

18     2. Plaintiff shall submit, within thirty days from the date of this order, either the $350.00
19 filing fee plus the $50.00 administrative fee or a properly completed application to proceed in
20 forma pauperis on the form provided with this order. Plaintiff is cautioned that failure to comply
21 with this order or seek an extension of time to do so will result in dismissal of this action without
22 prejudice.

23 /////
24 /////
25 /////

---

[1] Other judges of this court have dismissed two other actions filed by plaintiff with instructions that each be recorded as a "strike" under 28 U.S.C. § 1915(g). See Haley v. California Dept. of Corrections and Rehabilitation, et al., No. 1:13-cv-0226 AWI GSA; Haley v. Lackner, et al., No. 1:13-cv-1403 LJO GSA.

3.  The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action.

Dated: September 4, 2015

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
dono0091.ifp